ACTION of replevin, and special plea that the defendant, as the treasurer duly appointed by the commissioners under an order of this court to locate and open certain ditches in New Castle county described in the plea, levied upon and seized the goods in question and replevied in the action, to pay taxes assessed and imposed on the plaintiff under the order to defray the expenses of opening the ditches; to which the plaintiff replied that the order of the court to lay out the ditches referred to was erroneous, and consequently was illegal, inoperative and void, inasmuch as five, instead of three commissioners were appointed in the order contrary to the statute in such case made and provided; and general demurrer to the replication.
Spruance, for the defendant. The replication was demurrable generally, for whatever error or defect there might have been in the order or proceeding of the court to lay out the ditches referred to, it could not be inquired of, or called in question in a wholly independent proceeding and in a collateral action founded upon it such as this was.
G. B. Rodney, for the plaintiff. This was more than a mere irregularity in the proceeding referred to. It was a most material and substantial error and a fatal defect to appoint five, instead of three commissioners in the order, for it was not only without warrant or authority of law for it, but was in direct contravention of the provision of the statute which expressly limited the number to three, and *Page 95 
which at most, conferred but a special and limited jurisdiction upon the court in such cases. Besides such orders were obtained on the ex parte
motion or application of such as desire them, and if a taxable could not in this manner and in this form of action peaceably controvert and resist such an illegal and void proceeding and the seizing of his property under it, he could not see how else it could then or now be done. And would not the court, therefore, entertain the question and avail itself of this opportunity to correct its own error? One court, it was true, will not allow the judgment of another having competent jurisdiction in the case, to be called in question in a collateral action or proceeding merely in regard to the same matter in that court. But this was simply asking one and the same court to revise and rectify its own error in a previous proceeding before it in reference to the same subject matter. But Griffith v. Frazier, 3 Curt. Cond. S. C. Rep.
3, was an authority in point that an erroneous judicial proceeding similar to this may be collaterally inquired into and adjudged to be void even in another trial in another court.
Spruance replied.
 By the Court. In the case cited by the counsel for the plaintiff it was held by the Supreme Court of the United States that the court which committed the error complained of, was without any jurisdiction whatever in the case, and that the proceeding in question before such tribunal was, therefore, not only erroneous, but was absolutely null and void. But in this case this court had jurisdiction of the matter of the application, and the only error in the proceeding was the appointment of five, instead of three persons under the order to determine the need and propriety of, and to lay out the ditches applied for, and we are of opinion that the judgment and decree of this court in that proceeding cannot now be inquired into or called in question collaterally in this or any other action before *Page 96 
this court. Had an application been made to the court at the proper time and in the proper manner for the purpose, the proper steps would have been taken by it to reform the order and correct the error complained of. Judgment must, therefore, be entered for the defendant on the demurrer.